with Judge Jill Pryor and Judge Julie Carnes. We welcome you this morning. This is the last day of our oral argument this week and probably everybody's ready to finish up this and begin holiday thinking about the holidays. I'm assuming you all are familiar with our traffic light system and so I won't go through that but I'm going to try to enforce that and with that we will get underway with the first case of Tokyo Gwinnett, LLC v. Gwinnett County. Good morning. Good morning. May it please the court. Kerry Wiggins on behalf of Tokyo Valentino and happy Friday. I know the court's familiar with the posture and the facts in the briefs. I just would reiterate this is our second visit to the court on a dismissal from a 12b6 order. In all parties and the court, the district court, everyone agrees there are still federal claims to be explored. The first dismissal was based on mootness primarily although there was a suggestion in the order, the three-sentence order, that the case might not be ripe. That was based on entertainment ordinances but interestingly a day after Gwinnett County made that representation before this court on the first appeal, it filed the state court lawsuit and a couple weeks later notified this court that the ripeness argument was no longer on the table and that the case or excuse me the appeal before this court should be dismissed on younger abstention grounds. So that brings us to this case. We filed a motion for leave to amend the complaint. We did our very best to lay out the facts with all particularity, did our best to lay out the claims and the spirit and really the letter of the complaint is that the trilogy of ordinances used by Gwinnett County, the licensing ordinance, the zoning ordinance, and the unified development ordinance all together were going to force Tokyo Valentino to close or excuse me to stop its mode of operation which included selling over 100 sexual devices. So the and I feel like you should tell the court these are not the only cases I do. I feel like I'm always here on a sexual device case. You know I didn't know that. You know I we do all kinds of the record. We do all kinds of civil rights. Okay I've told my grandmother and my mother and they all they seem to understand. So the district court this time around said hey there's no standing. Our position is that that exalts form over substance. We did everything that we think you could do to make it. With regard to the damages claim on the old ordinances, I can't find in your second amended complaint where you say that you didn't do anything do something you know you didn't sell devices you lost profits. Where is that in the complaint? Just prior paragraphs 66, 67, 69 through 70 and of course in the ad danum clause where we play pray for nominal damages we have laid out what we believe are our damages will consent primarily when you're in the posture that Tokyo Gwinnett was in you or Tokyo Valentino excuse me you're being told that you're going to be ticketed you're licensed suspended you're forced to go hire an attorney they didn't want to take this. But what did you do as a result of those threats or that those concerns you know what did you not do that you otherwise would have done? Well they they that there are two grounds let me answer your question first. They were timid and they had to hire a law firm to push their case. So yes the damage is the money spent on attorneys that of course directly impacts profits and there is an allegation that it's goodwill has been damaged although that's not pled with particularity there is that allegation that goodwill is being damaged it's some people say there's no such thing as bad PR but when you're in the paper and you're being told that you're an illegal operation some people don't want to go to your store anymore. That's that's the weaker admittedly when it comes to standing that's the admittedly weaker argument the stronger argument is that this the county takes the position that Tokyo Valentino was always an illegal business and if it's always been an illegal business it can never be a lawful non-conforming business. Ergo it can never meet section 260-10 which is the general non-conforming grandfather provision in the Gwinnett County Ordinance it can never meet 260-10's criteria to be a lawful non-conforming use. So I didn't read Judge Thrash's order to make the distinction in his standing analysis between the damages claim and the declaratory judgment claim and and and that's the distinction you're making now right? I am. Okay and and and the outcome can be different. That's true yes right. Why doesn't Flanagan control in terms of the nominal damages issue and there there being a lack of standing to the extent that seems to be their main articulation of damages? Yes Judge Carnes and maybe I'm not articulating it well here this morning it's what I just said it's the you know the the county refers to Tokyo Valentino as a habitual violator something to affect and our position is that Tokyo opened lawfully it read the order. I read Flanagan to say for the most part when the only damages and by that I mean money damages you're alleging are nominal damages you're pretty much going to lose in terms of standing there are some exceptions I think there's a site to Judge McConnell's decision where there when there's a real legal dispute and there are real legal ramifications and there's a legal principle to be vindicated such as a land title dispute or liable reputation but when you get down to all of it and take all the words out and all you're talking about are nominal damages I read Flanagan as saying that's not enough for standing. Tell me why I'm wrong. Yes Judge when Flanagan's of course Sandy Springs had banned the the commercial distribution of sexual devices and they repealed it you know they repealed it gone and and there was no longer any inhibition on it on the store insurrection in that case to sell the devices. Here it's just the opposite because Gwinnett County takes the position that Tokyo was illegal from its inception. It doesn't qualify as being a lawful non-conforming use it's it's considered to be an unlawful non-conforming use and therefore it can't give the grandfather rights that it otherwise would be would be available to it under the general ordinances in Gwinnett County. So that that's not a money issue necessarily but it's certainly it's the crux of of the case. So we have this standing question and the district court came up with the theory that because the unified development ordinance did not list a sexual device store as a use the use was always prohibited. We have briefed that thoroughly if the court has any questions. I would just say this it you know rule eight says what it says everyone is familiar with it a short and plain statement. Everyone knew the district court and I would submit Gwinnett County everyone knew that the issue with Tokyo Valentino is that the the county was enforcing these ordinances against it including the UDO to make it stop operating in its format and we asked the district court for if we we clarified our position in the response to the motion to dismiss we asked if it was a clarification. It would have just required eliminating maybe a word or two hyper hyper technical. I remind the court that the U.S. Supreme Court and Johnson versus city of Shelby 2014 a summary reversal of the Fifth Circuit I believe said look having civil rights case of course having informed the city of the factual basis for their complaint they were required to do no more to stave off threshold dismissal for one of an adequate statement of their claim and in that case the U.S. Supreme Court let the plaintiff add section 1983 as a as a claim. Here we're being told that we just we didn't add the the 100.1 section in our complaint if that makes sense. Younger I think the younger issue melts away if you do reach and agree with us on the standing. If there are any questions on younger I'm happy to entertain them. Well saying that we don't my question on younger is it it is an abuse of discretion standard and uh as far as the new ordinance assuming that's what we're talking about what we're dealing with uh the district court had done nothing on that whereas the state court had had actually had some substantive work had a hearing and they were getting going on that district court had done nothing and given the case law on younger and the fact it is an abuse of discretion discretion what's your best argument why judge thrash abused his discretion when he did abstain the best argument is that he he dismissed the case initially in error the dismissal in 2016 was error and that is the but for causation of the but that may be so but the notion I get from younger is it that when you're talking about civil enforcement civil prosecutions that there's some notion that the state has a right to do that it's just like we don't step in on a criminal case in the middle no matter how we get to that point and interfere and so the state has a right to enforce uh its laws and certainly if you've got a scenario on the case law where the federal case has been going and their lot has happened or they've done more but here the only substantive action on the case had been in the state and there even if it was a judge thrashes as it turns out he really had done nothing on this new ordinance correct well judge karns i would say that the again i think that the the amount of work done on the front end of this case has been understated uh we didn't have we didn't have an evidentiary preliminary injunction hearing but that's only because we thoroughly briefed the initial issues and we agreed by consent to a multi-month injunction that's what happened and i would say that the the i've seen running out of time the second round of ordinances that were adopted by gwinnett county were plainly a reaction to my client opening the store asking to operate in this format it's part of a continuum it's part of an effort to quell or stop the store from operating in this format the complaint should have been amended and you know just like rule 15 you look back to the original filing date it's it's a little artificial to separate midstream based on what we didn't allege bad faith exception to younger but you know i you can see what happened they saw an opportunity to try to derail tokyo and get it out of this court that was the chosen so that's that's the argument for that thank you judge thank you good morning good morning your honors may it please the court scott berkdahl on behalf of gwinnett county i will address the injury in fact portion of standing first then i'll turn to the redressability argument and then finally i'll finish up with the younger abstention uh judge prior's question is directly on point there's no allegation of damages in his argument mr wiggins just pointed to paragraph 66 67 68 of the second amended complaint i have those in front of me there's no allegation that they stopped sexual selling sexual devices in fact the contrary is true record entry 44 which is the second amended complaint at paragraph 78 says that tokyo expended a great deal of time and money to open and begin operating a retail theme uh retail erotic theme retail store that displays and sells well over 100 sexual devices so they've been doing that from day one they never stopped doing that and there's no allegation that they did and it's their burden under fw pbs versus city of dallas from the u.s supreme court to affirmatively plead facts that show the jurisdictional element of the damages claim which of course was the only claim left against the old adult codes after this court's previous ruling fw pbs versus city of dallas happens to be another adult entertainment case but that case stands for the proposition that the facts that are necessary to establish standing cannot be inferred argumentatively from the pleadings you actually have to say what judge prior's question was about which is in response to this letter uh from the zoning administrator we stopped selling sexual devices and therefore suffered damages in the form of lost profits and but what about the um declaratory judgment standing with regard to that claim because there i mean the amended complaint does say you know that we were a lot we were operating lawfully under the 2015 uh adult code well that's a claim i mean i'm sorry before the 2015 adult correct your honor now here's the important part about that in this court's original ruling in 2016 on from the first dismissal this court ruled that it was proper for the district court to dismiss the declaratory and injunctive relief claims against the old adult codes which is what he's talking about so that was not even on the table when it came back down all that was left pertaining to the old adult entertainment codes was the claim for damages and judge thrash didn't distinguish between the two at page 10 of his order which is record entry 62 at the bottom of page 9 of the order he explains that the most important part about the injury in fact defect in standing is that the complaint nothing in the complaint shows that tokyo valentino actually suffered an injury as a result of the old regulations then on the next page bottom of that full page paragraph almost he says while the threat of future harm is enough to show standing when for example a plaintiff is seeking an injunction or when damages may continue into the future it is not enough when only seeking compensation for past damages because tokyo valentino was never actually prevented from it never suffered any actual harm and so that's all that was left when the case came back to judge thrash with regard to the old adult codes there's another reason give me the the docket number and page i'm sorry i was speaking from docket entry 62 at page 10 okay pages 9 and 10 and the other problem is that judge thrash had in addition to the fact that there was no evidence that they ever stopped selling sexual devices in fact they're making their claim that they've had a continuous lawful non-conforming use by continuously selling well over 100 sexual devices so there's no allegation of damages that would prefer preserve standing as to the old ordinances but there's another reason that they lack standing and that's redressability and they never challenged udo 230-100 and that is a rule that's pre-existing it's generally applicable in the county zoning code that if a use is not listed in the table of uses it is presumptively prohibited they never challenged that and judge thrash pointed that out with very strong clarity that they tried to challenge a 2015 ordinance that amended a couple definitions in the uniform development ordinance but they never challenged the pre-existing long-standing rule that a use that's not listed has never been or the use is not listed in the table of uses therefore it's prohibited and that's kh outdoor versus clay county that's this court's decision from 2007 in which a billboard company tried to erect a billboard and it was denied a permit by the clay county authorities when it got to summary judgment it turned out that there was another provision of law a state law the florida building code and construction plan review requirements that they didn't meet and even though that arose much later this court affirmed a dismissal for lack of standing because even if they had fully complied with the old the county's sign ordinance they didn't meet the standards under the state law and their billboard couldn't be erected and in this case we have a situation where a business came in it's just like the stardust case that judge prior wrote the opinion on four months ago in august it's the same guy it's mr morrison and he two weeks later just as in that case opening paragraph of judge prior's opinion less than two weeks later he says oh i'm going to add all these sexual devices and that's what he did he got a letter from the zoning administrator and he did nothing but file a federal lawsuit i'm sorry filing a lawsuit and hiring a lawyer is not a claim for damages and otherwise article three standing requirements would be eviscerated so there's no basis for that certainly uh judge doesn't save claims against the old adult codes but so there's two independent standing defects there's the lack of any injury in fact because they've continuously sold sexual devices since day one and they tell us that in paragraph 78 of their complaint and they make no affirmative allegation to the contrary that they stop selling sexual devices which is their duty under fwpbs to preserve standing on the damages claim and then we have this redressability defect of a code that dash 100 so for those two reasons the judge the district court judge thrash was correct to dismiss on standing grounds now if i could turn to younger abstentions oh i want to mention one other thing there was some colloquy there at the beginning of my opponent's argument about the sequence of when things happened that was just not true or accurate under the record he said that the city came in december of 2015 and said the motion to amend the complaint wasn't right because the county had not yet enforced or threatened to enforce this ordinance and that's true but it's not true that the very next day we filed a lawsuit that's crazy what happened is in december of 2015 there was a like a 90-day grace period in effect in the ordinance that didn't expire until sometime in january and what happened was we didn't know that since the new code allowed them to sell up to 100 sexual devices if they would just sell 99 sexual devices and run a what happened is they continued operating illegally in violation of the october 2015 adult code amendments and they continued operating without even a general business license because their tobacco license had expired so nine months after continuously violating the ordinance then the county finally filed suit for an injunction under the new codes that the district court had never done anything with and why is that relevant to younger extension because in september of 2016 the county went to court on its motion to state court on its motion for preliminary injunction to stop the ongoing violations of its law and when it got there it said mr uh wiggins raised this raised the same argument oh well i'm grandfathered on this lawful use and the county said no if it's true if your allegation that you weren't covered under the old adult codes is true then you were an unlisted use and then you're governed by 230-100 which says any use that's not listed in the table of uses in the zoning ordinance is prohibited so that's a you can't claim non-conforming use mr wiggins thinks that if you were doing something that wasn't specifically prohibited by a zoning ordinance that your grandfathered under state law and that's not true because you were specifically prohibited you were prohibited by a general provision that has nothing to do with adult entertainment that says if there's a use that you're trying to do that is not listed in the table it's presumptively prohibited and so we argue that the my observation about that is you know so we're going to decide on 12b6 that what they were running was not a novelty shop which is listed well they it would be if that was all that they had in the record maybe there would be an argument about it but they didn't challenge 230-100 in other words well they're making the argument but you i mean they asked to amend their complaint and they were denied the opportunity to amend their complaint but but i guess what i'm saying about the sequence of events your honor and i totally understand your question judge martin but let me be clear we made that argument in sept on september 8th 2016 this is tab 59-1 in the supplemental appendix i i included the excerpt of our on november 9th 2016 that the plaintiffs filed their amended complaint they could have challenged what we told them two months before what i'm saying is that they tried to amend way back in the first lawsuit and they and you opposed it and they were denied the opportunity that's right because it was because it either wasn't ripe or the county had enforced we didn't know what they would do when the grace period ran out we didn't know they would continue violating the law for nine months but but the point is the district court erred in dismissing the case and not allowing them to amend right and that seems to be to be me to be compounding the abuse by saying well they didn't amend their complaint early enough and therefore the state action got ahead of it well that's a very understandable concern but here's the critical thing that we're missing and that is they weren't in state court they weren't on a back end of a state court civil prosecution for injunction because they weren't able to amend their complaint they were there because they were violating the law before they got judicial relief from the federal court and that's but if we're looking at which suit has proceeded farther which is one of the elements that we look at the only reason they weren't ahead of the state court action is because of the district court's error isn't that right no your honor i disagree there would have never been a state court action but for their error in violating the law in 2016 the court denied dismissal amendment to the thing in 2000 january 2016 and they weren't sued until not eight months later but here's here's the point there have been no proceedings of substance in the federal court on any of these ordinances because it had been to this court what's that it had been to this court it's been to this court but that wasn't a proceeding on substance on the merits there was a dismissal order and now we're here here on a second dismissal or but but let me let's just i tried to amend or denied the opportunity let me well let me say your honor let's say that they had gone differently let's say the judge thrash had dismissed the claims against the old codes on mootness grounds or what have you and ignore the damages claim for a second which we know is not supported by any allegations in the second amendment complaint but let's say that he had granted them leave to amend no difference in the outcome under duran versus salem in from the supreme court because they continued violating the law and they would have been cited and prosecuted like they were in august 2016 eight months later and they would have been subject to younger see they're making an argument let's go back in time to when we first sought to amend our complaint and that would change the outcome of younger but it wouldn't your honor because well i guess what i'm focusing on is you know the rule that you know if there if there has been significant federal litigation uh you know i mean the cases use the language if the federal litigation is only in an embryonic stage and the state litigation is ongoing then you abstain federal courts abstain so the state courts can proceed well my my observation is neither one of those things were true i mean this litigation had gone up i mean you'd been litigating in front of judge was the state court state action filed i mean significantly later you say it's a different um action but in their complaint they say you know we were grandfathered in under and their amended complaint when they were finally allowed to amend yes they say you know we we fall under the you know we have our grandfathered in under the old well your honor two things there were no there was no proceedings of substance on the second set of ordinances in the trial court we know that and you're saying there would have been had they been granted leave to amend i'm not saying i'm just well i'm asking you a question right well i think it's still you know the the opportunity for me is to tell you what my concerns are i totally understand and your honor i think it's a duran versus salem in think about that case that was a case where there were people doing adult entertainment and bars in new york and then there was a new ordinance that was adopted they go to federal court so the federal lawsuit against the new ordinance was filed first first in time they file a motion for tro it's denied instanter and the court the same day sets a preliminary injunction for two weeks out so he's going to have a preliminary injunction it's coming at the hearings coming and the next day one of the three plaintiffs resumes topless dancing and he's cited for it and there's a pending now there's a pending state prosecution the u.s supreme court said it was correct to grant a preliminary injunction two weeks later against the tube but younger abstention fully applied to that business because instead of waiting for the development of their federal lawsuit and obtaining federal judicial relief they went ahead and subjected themselves to a state prosecution by violating the ordinance if you want to invoke younger and stay in federal court or if you want to avoid younger and stay in federal court you have to either get judicial relief from the federal court or abstain from violating the law and that's black letter law from the supreme court so even if they they this second amended complaint was filed two months four months after the state action commenced which is the real date when did the state action commence and but even if it had been filed later because they were continuously operating in violation of the law they subjected themselves to younger abstention and under duran versus salem in that's of their own doing you know i see that my time is up if the court has any further class questions thank you honor we ask that the trial court's decision be affirmed a few points in rebuttal the declaratory judgment count in the complaint when this court remanded the the first appeal it did say the claims for injunctive and declaratory relief against the old ordinance removed as they were pled in the initial complaint here in the second amended complaint were specifically in paragraphs 88 87 and 88 saying in light of the 2015 adoption of the ordinances there is uncertainty this ordinance is apparently vague as applied we don't believe the initial ordinance applied to us i.e. there's a non-conforming use right in play the counties takes the opposite position that is what we were seeking declaratory relief for that is not moved that is a claim that was approved by the this excuse me the complaint that was reviewed by the court and we were allowed to file the redressability issue um i i just i i just feel like as we wrote in our brief i feel like we got sandbagged um you know federal rules civil procedure one a speedy efficient uh fair i don't know the exact phrase um we we are traveling in the opposite direction my my co-captain or my down below to show that two months before we filed the second amendment complaint we were on notice that 200-100.1 was at issue i'm going to tell you something once judge thrash entered the order saying file your second amendment complaint i filed it within a day maybe within two days as was as the complaint that was reviewed by this court and by judge thrash and that he told me to to attach a udo table of uses and you've the court has seen the table of uses there are many many uses but guess what you can't imagine everything under the sun uh and and tell uh the district court that oh guanette county has a strict policy a strict interpretation of that udo and that is an absolute improper inference for the district court to take especially at a 12b6 stage how about i get some they sell plenty of sexual devices you carved out an exception in the ordinance for expenses we'll show this in discovery this is obviously not in the pleading but it says a regional shopping mall is not counted as a sex paraphernalia store why why not why do you need about 40 acres in order to operate a sex paraphernalia store well guanette county has three malls two of them have a spencer's gift store are you is is the county's taking the position that spencer gift store has been illegal from its inception because up until 2015 there was no sexual paraphernalia store in the udo so these are the kinds of things we would explore in discovery we would show that the udo position uh that the district court adopted wholesale is is not a valid position um i would remind the court there's yes my client uh is very sophisticated they they don't need me they read the ordinances and they do what they do um and yes they're apprehensive they sometimes they have trouble getting a business license and they do make a decision after they obtain it or have trouble not getting it whether they're going to add adult erotic media to their mix that's there's nothing unlawful about that this court and fly fish versus coco beach recognized in that case the the plaintiff didn't indicate that they would have new dancing when they applied for the business license well guess what coco beach ordinance didn't require uh didn't consider new dancing to be adult entertainment this court recognized that and said that plaintiff has a right to fill out the application truthfully no material misrepresentations that's precisely what my client did and here we are three years later so we would ask for an opportunity to engage in discovery and pursue our claims thank you thank you tell your grandmother you conducted well i did all right uh thank you for the presentation uh